**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| TRACY ERROL COURTNEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 10-CV-172-TCK-TLW |
| | ) |
| GREG PROVINCE, Warden, | ) |
| | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action. Petitioner is a prisoner and appears *pro se*. Before the Court is Petitioner's petition for habeas corpus relief (Dkt. # 1). Respondents filed a response (Dkt. # 5), and provided the state court records necessary for adjudication of Petitioner's claims (Dkt. ## 5, 6, 7). Petitioner filed a reply (Dkt. # 8). For the reasons discussed below, the Court finds the petition for writ of habeas corpus shall be denied.

### *BACKGROUND*

In the early morning hours of March 20, 2006, Stephan Jean-Claude and his cousin, Jeffrey Bruno, attended a party at the home of Edward Watson, located at 13125 E. 29th Street, Tulsa, Oklahoma. Most of the men at the party, including Corey Reese and Petitioner, were playing dice in the back of the house, while the women watched a movie in another room. Jean-Claude and Bruno left the party in Jean-Claude's car. About the same time, Reese and Petitioner left in Reese's car. As Jean-Claude approached the exit to the subdivision, he saw Reese's car stop suddenly in front of him. When Jean-Claude stopped, he saw Petitioner get out of Reese's car, and begin firing a gun at Jean-Claude and Bruno. Bruno was hit by the gun fire. Jean-Claude sped away and ended up in a QuikTrip parking lot at 61st and Memorial. A QuikTrip employee called 911 for help. Bruno

was dead from gunshot wounds by the time the first responders and police arrived. Jean-Claude was scared, but not hurt. Based on those events, both Reese[1] and Petitioner were arrested.

Petitioner was tried by a jury and convicted of First Degree Murder (Count I) and Shooting with Intent to Kill (Count II) in Tulsa County District Court Case No. CF-2006-1534. He was acquitted of a third count of Attempted Robbery with a Firearm. His co-defendant, Corey Reese, pled guilty to a lesser charge of Accessory After the Fact, and testified at Petitioner's trial. Petitioner was sentenced to life imprisonment on Count I, and thirty (30) years on Count II, to be served consecutively. Petitioner was represented at trial by attorney Kevin Adams.

Petitioner appealed his convictions to the Oklahoma Court of Criminal Appeals (OCCA). Represented by attorney Kathleen Smith, he raised six (6) propositions of error:

Proposition 1:  Improper commentary on the standard of "beyond a reasonable doubt" deprived Mr. Courtney of a fair trial.

Proposition 2:  Improper and inadmissible opinion testimony was admitted which denied Mr. Courtney a fair trial and the due process of law secured to him by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article 2, §§ 7, 19, and 20 of the Oklahoma Constitution.

Proposition 3:  Mr. Courtney was denied his right to a fair trial because the trial court did not instruct the jury that Mr. Reese was an accomplice as a matter of law and did not issue the proper corroboration instruction.
    A.    Failure to Instruct the Jury that Corey Reese was an accomplice as a matter of law.
    B.    Failure to issue a proper instruction on the standard for determining when corroboration of an accomplice is sufficient.
    C.    Conclusion.

Proposition 4:  The prosecutor improperly vouched for the credibility of State's witness, Stephan Jean-Claude and injected personal opinion into closing arguments.

---

[1] As will be explained in further detail hereinbelow, Reese entered into a plea bargain with prosecutors and testified at Petitioner's trial.

>   Proposition 5: Mr. Courtney received ineffective assistance of counsel in violation of the Sixth Amendment of the United States Constitution and Article 2, Section 20 of the Oklahoma Constitution.
>       A.   Deficient performance.
>           1.   Failure to object to grossly improper prosecutorial argument.
>           2.   Failure to object to erroneous instruction.
>       B.   Prejudice
>
>   Proposition 6: The accumulation of error in this case deprived Mr. Courtney of due process of law and necessitates reversal pursuant to the Fourteenth Amendment to the United States Constitution and Article II, § 7 of the Oklahoma Constitution.

(Dkt. #5, Ex. 1). In an unpublished opinion, filed October 24, 2008, in Case No. F-2007-1095 (Dkt. # 5, Ex. 3), the OCCA rejected all claims and affirmed Petitioner's conviction and sentence. There is no evidence that Petitioner filed a petition for writ of certiorari at the United States Supreme Court.

Next, Petitioner sought post-conviction relief in the district court, raising the following two grounds of error:

>   Ground 1:   My appellate counsel failed to argue that the testimony of the State's star witness, Corey Lamont Reese, at trial, was the fruit of the poisonous tree.
>
>   Ground 2:   My appellate counsel failed to argue that the State failed to prove all the elements of Murder in the First Degree under Title 21 O.S. 2001, § 701.7(A).

(Dkt. # 12 at 101-04, and Dkt. # 12-1 at 1-6). By order filed October 22, 2009, the district court denied relief. See Dkt. # 5, Ex. 8. Petitioner appealed (Dkt. # 5, Ex. 4). By order filed March 1, 2010, in Case No. PC-2009-1162, the OCCA declined appellate jurisdiction and dismissed the post-conviction appeal as untimely[2] (Dkt. # 5, Ex. 5).

---

[2]   In a footnote, the OCCA advised Petitioner that if he felt he could prove he was denied a timely post-conviction appeal through no fault of his own, then he needed to file an application seeking an out of time post-conviction appeal. See Dkt. # 5, Ex. 5 at n.1. Nothing in the record shows that Petitioner filed such an application.

Petitioner, appearing *pro se*, filed his federal habeas corpus petition on March 23, 2010 (Dkt. # 1). He also filed supporting documents (Dkt. # 12). Petitioner raises five (5) grounds of error, as follows:

Ground 1:   Improper commentary on the standard of "beyond a reasonable doubt" deprived Petitioner of a fair trial.

Ground 2:   Improper and inadmissible opinion testimony was admitted which denied Mr. Courtney a fair trial and the due process of law secured to him by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and Article 2 §§ 7, 19, and 20 of the Oklahoma Constitution.

Ground 3:   Mr. Courtney was denied his right to a fair trial because the trial court did not instruct the jury that Mr. Reese was an accomplice as a matter of law, and did not issue the proper corroboration instruction.

Ground 4:   My appellate counsel failed to argue that the testimony of the State's star witness, Corey Lamont Reese, at trial was the "fruit of the poisonous tree."

Ground 5:   My appellate counsel failed to argue that the State failed to prove all the elements of Murder in the First Degree - under title 21 O.S. 2001 § 701.7(A).

(Dkt. # 1). In response to the petition, Respondent argues that Petitioner is not entitled to habeas corpus relief under 28 U.S.C. § 2254(d) because the claims lack merit, are not cognizable in this matter, or are procedurally barred. See Dkt. # 8, Ex. 1.

## *ANALYSIS*

**A.   Exhaustion/Evidentiary Hearing**

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Petitioner fairly presented the substance of his claims to the OCCA on direct appeal and post-conviction. Therefore, the exhaustion requirement of 28 U.S.C. § 2254(b) has been satisfied.

In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Williams v. Taylor, 529 U.S. 420 (2000).

**B.     Adjudication by the OCCA**

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

To the extent Petitioner's claims are cognizable in this federal habeas corpus proceeding and not procedurally barred, his claims shall be reviewed pursuant to § 2254(d). Insofar as Petitioner claims a violation of the Oklahoma Constitution, those claims are denied because they are not cognizable on federal habeas corpus review. A federal habeas court has no authority to review a state court's interpretation or application of its own state laws. Estelle v. McGuire, 502 U.S. 62, 67-

5

68 (1991) (emphasizing that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions). Instead, when conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. Id. at 68 (citing 28 U.S.C. § 2241; Rose v. Hodges, 423 U.S. 19, 21 (1975)).

### 1.     Improper commentary on standard (ground 1)

In his first ground for relief, Petitioner alleges that multiple references by the prosecutor during *voir dire* regarding the burden of proof were improper and rendered his trial fundamentally unfair. In particular, he complains that the prosecutor attempted to define "reasonable doubt" by devoting a "considerable portion of *voir dire* to discussion of what did and did not suffice as the appropriate standard to apply in determining Mr. Courtney's guilt." See Dkt. # 5, Ex. 1 at 8.[3] Without enumerating each contested comment specifically, the OCCA concluded that the prosecutor "did not improperly attempt to define the 'beyond a reasonable doubt' standard." See Dkt. # 5, Ex. 3 at 2. Respondent contends that the OCCA's decision was not contrary to or an unreasonable application of Supreme Court law.

Petitioner specifically challenges the prosecutor's comments that the standard of proof is not "beyond a shadow of doubt" or "proof beyond all doubt." See Dkt. # 5, Ex. 1 at 7-8. A similar

---

[3]     Because Petitioner provides supporting facts for each of his first three grounds by incorporating the arguments set forth in his brief on direct appeal, the Court has relied on arguments in the direct appeal brief to determine the basis for his various claims. See e.g., Dkt. # 1 at 4 ("To avoid unnecessary academic perusal of this ground for relief, Petitioner cites to Rule 10(C) of the *Federal Rules of Civil Procedure* and incorporates, by reference, the arguments set forth in his Brief in Chief on Direct Appeal on pages 6-12.") As support for grounds four and five, Petitioner directs the Court's attention to his Application for Post-Conviction Relief.

challenge was addressed by the Tenth Circuit Court of Appeals in Thornburg v. Mullin, 422 F.3d 1113 (10th Cir. 2005). Finding no constitutional error, the Circuit Court explained:

> Although Oklahoma law does not permit jury instructions on the meaning of "reasonable doubt," Al- Mosawi v. State, 929 P.2d 270, 279 (Okla. Crim. App. 1996), and an instruction defining reasonable doubt may deny due process if it misleads the jury about the burden the state carries, see Cage v. Louisiana, 498 U.S. 39, 41, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990) (instructions equating "reasonable doubt" with "grave uncertainty" and "actual substantial doubt" violate due process), *overruled on other grounds* by Estelle v. McGuire, 502 U.S. 62, 73 n.4, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) (clarifying that standard of review for erroneous jury instructions is whether they had a "reasonable likelihood" of misleading the jury), not all definitions of reasonable doubt are misleading. The Supreme Court held in Victor v. Nebraska, 511 U.S. 1, 17, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994), that a jury instruction stating that a reasonable doubt "*is not a mere possible doubt*" did not likely mislead the jury "because a *reasonable doubt*, at a minimum, is one based upon *reason*. A fanciful doubt is not a reasonable doubt." (internal citation and quotation marks omitted). Similarly, to state that "beyond a reasonable doubt" does not mean beyond "a shadow of a doubt or all doubt" was not a constitutional violation.

Id. at 1130. See also Gordon v. Ward, 118 Fed. Appx. 434, *2 (10th Cir. 2004) (unpublished)[4] (finding that the OCCA's conclusion that a "prosecutor's comments during *voir dire* that 'reasonable doubt' does not mean 'beyond a shadow of a doubt' or 'beyond all doubt' does not constitute error" was not contrary to or an unreasonable application of clearly established federal law).

Petitioner has not presented any Supreme Court law to convince the Court that the OCCA's decision was an unreasonable application of such law. The Court concludes that the OCCA's decision was not contrary to, or an unreasonable application of federal law as determined by the Supreme Court, nor was it based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. 28 U.S.C. § 2254(d). Petitioner is not entitled to habeas relief on his ground one claim.

---

[4] This unpublished opinion is cited for persuasive value. See 10th Cir. R. 32.1(A).

### 2. Error in evidentiary ruling not cognizable (ground 2)

In ground two, Petitioner complains that Detective Michael Nance was allowed to give an improper and highly prejudicial "expert" opinion without regard to actual relevance to any material issue (Dkt. # 5, Ex. 1 at 13). Specifically, he contends that the following testimony by Detective Nance should not have been allowed:

> Prosecutor: Have you had any experience in dealing with individuals that are victims of crime?
>
> Detective: Yes.
>
> Prosecutor: And how many times?
>
> Detective: Hundreds of times.
>
> Prosecutor: And have you received any training in the interrogation of witnesses?
>
> Detective: Yes.
>
> Prosecutor: Detective Nance. Now, as part of this training have you learned to observe the demeanors of individuals you are interviewing?
>
> Detective: Yes.
>
> Prosecutor: Have you learned how to make certain determinations involving your interview technique as to things to look for when you're interviewing individuals?
>
> Detective: Yes.
>
> Prosecutor: And as part of that experience and training, did you arrive at an opinion regarding Stephan Jean-Claude?

(Dkt. # 7-10, Tr. Trans. Vol. V at 878). Defense counsel objected at this point "as to his opinion," but the trial court overruled the objection. Id. The questioning continued:

> Detective: Yes.
>
> Prosecutor: And what opinion was that?

8

> Detective:   That he didn't want to tell me because of a cultural idea not to tell the police, not to snitch and not to tell the police who had committed the crime.

(Id. at 878-79).  Petitioner contends that the detective's opinion on why Stephan Jean-Claude was initially unwilling to identify the shooter was an improper invasion of the jury's exclusive province. See Dkt. # 5, Ex. 1 at 14, 16-17.[5] Citing various Oklahoma cases, the OCCA denied relief on this claim on direct appeal, noting that police officers may testify as experts based on their training and experience, and Detective Nance's expert opinion regarding a witness's interview conduct was properly allowed. See Dkt. # 5, Ex. 3 at 2 n.3.  Respondent asserts that this issue is a matter of state law, and is not cognizable on habeas corpus review (Dkt. # 5 at 9).

In ground two, Petitioner challenges the state court's evidentiary ruling allowing admission of the opinion testimony.  Because the claim alleges an error of state law, it is not cognizable in this federal habeas corpus proceeding. McGuire, 502 U.S. at 67-68 (emphasizing that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions). However, to the extent the claim may implicate Petitioner's constitutional rights, the Court finds that he has failed to demonstrate that his trial was rendered fundamentally unfair by the admission of the challenged testimony. See Donnelly v. DeChristoforo, 416 U.S. 637, 642-48 (1974); Duckett v. Mullin, 306 F.3d 982, 999 (10th Cir. 2002) (holding that habeas corpus relief cannot be provided on the basis of state court evidentiary rulings "unless they rendered the trial so fundamentally unfair that a denial of constitutional rights results" (quoting Mayes v. Gibson, 210 F.3d 1284, 1293 (10th Cir. 2000))).  The category of infractions which violate fundamental fairness is very narrow, and

---

[5]  The Court notes that pages 15 and 27 of Petitioner's direct appeal brief are missing from the copy of the brief provided by Respondent. See Dkt. # 5, Ex. 1.  However, Petitioner also provided documents, including a full copy of his direct appeal brief. See Dkt. # 12 at pages 12-52.

Petitioner's claims fall outside that category. See Bullock v. Carver, 297 F.3d 1036, 1055 (10th Cir. 2002). Petitioner may obtain habeas relief for an improper state evidentiary ruling only "if the alleged error was so grossly prejudicial [that it] fatally infected the trial and denied the fundamental fairness that is the essence of due process." Revilla v. Gibson, 283 F.3d 1203, 1212 (10th Cir. 2002) (alteration in original; quotation marks and citation omitted). Petitioner has failed to demonstrate that his trial was rendered fundamentally unfair by the opinion testimony given by Detective Nance.

Because Petitioner's ground two claim is not cognizable in this federal habeas corpus proceeding, and Petitioner has not shown that his trial was rendered fundamentally unfair, habeas corpus relief shall be denied on ground two.

### 3. Failure to instruct the jury regarding an accomplice (ground 3)

In his third ground, Petitioner asserts that the trial court erred in failing to instruct the jury that Reese was an "accomplice at law." Further, Petitioner complains that the trial court did not issue the proper corroboration instruction. This claim was raised as Proposition III on direct appeal. The OCCA agreed with Petitioner that the trial court erred, but concluded that the errors did not require relief because they were harmless (Dkt. # 5, Ex. 3 at 2). The OCCA explained its reasoning, as follows:

> Although Proposition III has merit, the errors do not require relief. Reese was originally charged with attempted armed robbery and felony murder. In exchange for his testimony those charges were dismissed and he pled to accessory after the fact. As Reese could have been and was charged with the crime at issue here the jury should have been instructed that he was an accomplice as a matter of law. However, where the evidence of guilt is overwhelming and the accomplice testimony is corroborated, this error may be harmless. Here, an eyewitness saw the shooting and consistently identified Courtney as the shooter. Portions of Reese's testimony were also corroborated by other witnesses. The trial court's erroneous instruction, that jurors could decide whether Reese was an accomplice, was harmless. The trial court also failed to properly instruct the jury on the corroboration of accomplice testimony. This error is subject to harmless error analysis. Courtney argues that the jury could

10

> not have found him guilty if they eliminated Reese's evidence. This disregards the eyewitness testimony to the shooting. In *Pink*, the prosecutor argued an incorrect legal interpretation of the erroneous instruction to the jury, encouraging them not to properly consider the corroborating evidence without the accomplice testimony. That did not occur here. Jurors also heard from an eyewitness to the crime. Under these circumstances the failure in instruction is harmless.

Id. at 2-3 (footnotes omitted, citing Cummings v. State, 968 P.2d 821, 830 (Okla. Crim. App. 1998) (noting that the test for determining whether a person is an accomplice is whether he or she could have been charged with the crime for which the accused is on trial); Davis v. State, 792 P.2d 76, 83 (Okla. Crim. App. 1990); Howell v. State, 882 P.2d 1086, 1092-93 (Okla. Crim. App. 1994); Pink v. State, 104 P.3d 584, 593 (Okla. Crim. App. 2004) (modifying the instruction complained of by Petitioner); and Carter v. State, 147 P.3d 243, 244 (Okla. Crim. App. 2006) (a finding of error is not enough without also finding some prejudicial effect resulting from the error)).

It is well established that "[a]s a general rule, errors in jury instructions in a state criminal trial are not reviewable in federal habeas corpus proceedings, 'unless they are so fundamentally unfair as to deprive petitioner of a fair trial and to due process of law.'" Nguyen v. Reynolds, 131 F.3d 1340, 1357 (10th Cir. 1997) (quoting Long v. Smith, 663 F.2d 18, 23 (6th Cir. 1981)); see also Maes v. Thomas, 46 F.3d 979, 984 (10th Cir. 1995) ("A state trial conviction may only be set aside in a habeas proceeding on the basis of erroneous jury instructions when the errors had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial.").

In this case, the OCCA found that the trial court's errors were harmless. Having carefully reviewed the record, this Court agrees. The appropriate harmless error standard to be applied on habeas review is from Brecht v. Abrahamson, 507 U.S. 619, 638 (1993). See Herrera v. Lemaster, 301 F.3d 1192, 1199 (10th Cir. 2002). That standard "requires reversal only if [the error] had substantial and injurious effect or influence in determining the jury's verdict." Brecht, 507 U.S. at

11

631 (quotation omitted). "[E]rrors which do not contribute to the verdict should not be reversed unless their effect is fundamentally unfair." United States v. Turrietta, 696 F.3d 972, 984 (10th Cir. 2012) (citing Rose v. Clark, 478 U.S. 570, 579 (1986)). Thus, Petitioner's burden is to show that his trial was rendered fundamentally unfair by the trial court's failure to give an instruction that Reese was an "accomplice at law," or because the trial court used an outdated accomplice instruction for the jury to consider. He has failed to satisfy that burden.

The Court disagrees with Petitioner that the errors committed by the trial court in failing to advise the jury that co-defendant Reese was an "accomplice at law," and in failing to instruct the jury with Oklahoma's revised instruction on corroboration of accomplice testimony contributed to his guilty verdicts. The evidence that Reese drove the car in which Petitioner was a passenger was uncontroverted. Reese admitted in his testimony that he was the driver (Dkt. # 7-9, Tr. Trans. Vol. IV at 632), and further admitted that he pled guilty to Accessory After the Fact as a result of the March 20, 2006, murder (Dkt. # 7-8, Tr. Trans. Vol. III at 593). The jury clearly understood that Reese was an accomplice to the crime. Further, although Petitioner testified in his own defense that he was not the shooter, and that Reese was the one who shot Bruno, the other eyewitness to the shooting corroborated Reese's testimony by positively identifying Petitioner as the shooter. See Dkt. # 7-10, Tr. Trans. Vol. V at 948-49 (testimony of Stephan Jean-Claude). Under the facts of this case, the testimony of accomplice Reese was corroborated, notwithstanding the outdated instruction given by the trial court. Therefore, the Court finds that the errors committed by the trial court did not have a substantial and injurious effect on the jury's verdicts. Thus, the OCCA's adjudication of this claim was not an unreasonable application of Supreme Court law, nor was it based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d).

Having failed to demonstrate that his trial was rendered fundamentally unfair by the trial court's errors, or that the OCCA's determination that the errors were harmless was unreasonable, Petitioner is not entitled to habeas corpus relief on his ground three claims of error.

**C.      Procedural bar (grounds 4 and 5)**

In ground four, Petitioner alleges that his appellate counsel failed to argue that the trial testimony of Reese was the "fruit of the poisonous tree." In ground five, he contends that his appellate counsel neglected to argue that the State failed to prove all the elements of Murder in the First Degree. Neither of these claims was raised on direct appeal. For the reasons discussed below, the Court finds both claims are procedurally barred.

The record confirms that these two ineffective assistance of appellate counsel claims were raised in Petitioner's application for post-conviction relief. See Dkt. # 5, Ex. 8 at 3.  However, the OCCA dismissed Petitioner's post-conviction appeal as untimely, based on Petitioner's failure to comply with Rule 5.2(C)(2), *Rules of the Oklahoma Court of Criminal Appeals*. See Dkt. # 5, Ex. 5. In response to the petition, Respondent asserts that this Court should uphold the procedural bar imposed by the OCCA as to the arguments asserted in Petitioner's fourth and fifth grounds of error. See Dkt. # 5 at 19.

The doctrine of procedural bar prohibits a federal court from considering a specific habeas claim where the state's highest court declined to reach the merits of that claim on independent and adequate state procedural grounds, unless a petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991); see also Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995); Gilbert v. Scott,

941 F.2d 1065, 1067-68 (10th Cir. 1991). "A state court finding of procedural default is independent if it is separate and distinct from federal law." Maes, 46 F.3d at 985. A finding of procedural default is an adequate state ground if it has been applied evenhandedly "'in the vast majority' of cases." Id. at 986 (quoting Andrews v. Deland, 943 F.2d 1162, 1190 (10th Cir.1991)).

Applying the principles of procedural default to these facts, the Court concludes Petitioner's ground four and ground five claims are procedurally barred from this Court's review. The state court's procedural bar as applied to Petitioner's claims of ineffective assistance of appellate counsel was an "independent" ground because Petitioner's failure to comply with state procedural rules was "the exclusive basis for the state court's holding." Maes, 46 F.3d at 985. Additionally, the procedural bar was an "adequate" state ground because, as stated above, the OCCA requires strict adherence to procedural rules and consistently dismisses appeals which do not comply with the rules. See Johnson v. Champion, 288 F.3d 1215, 1227 n.3 (10th Cir. 2002) (concluding that the OCCA's declination of jurisdiction based on Rule 5.2(C)(2) constitutes an independent and adequate state procedural ground).

As a result, the Court finds that habeas corpus relief on grounds four and five shall be denied on the basis of the procedural default doctrine unless Petitioner demonstrates "cause and prejudice" or a "fundamental miscarriage of justice" to excuse his procedural default of the claims. Coleman, 501 U.S. at 750; Maes, 46 F.3d at 985. To demonstrate "cause," a petitioner is required to "show that some objective factor external to the defense impeded . . . efforts to comply with the state procedural rules." Murray v. Carrier, 477 U.S. 478, 488 (1986). Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials. Id. A petitioner is additionally required to establish prejudice, which requires showing "'actual

prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 168 (1982). The alternative is proof of a "fundamental miscarriage of justice," which requires a petitioner to demonstrate that he is "actually innocent" of the crime for which he was convicted. McCleskey v. Zant, 499 U.S. 467, 494 (1991).

As part of his reply to Respondent's assertion that grounds four and five are procedurally barred, Petitioner alleges that he attempted to file his post-conviction petition-in-error timely, but "Court Clerk Michael S. Richie intentionally moved Petitioner's Nov. 19 2009 post-conviction appeal date to Dec. 16 2009." See Dkt. # 8 at 8. However, Petitioner's claim that the procedural default of his claims was caused by "Court Clerk Michael S. Richie" is belied by the record.[6] The record contains a "receipt for payment," dated December 16, 2009, from the Clerk of the Appellate Courts of Oklahoma. See Dkt. # 8 at page 16 of 21. Petitioner's petition in error was also filed of record on December 16, 2009. See Dkt. # 5, Ex. 4. Pursuant to Rule 1.11, *Rules of the Oklahoma Court of Criminal Appeals*, a pleading is not considered filed in the OCCA "until such time as the filing fee is paid or an 'Affidavit *in Forma Pauperis*' is properly filed." See Rule 1.11. Based on the record, it appears that Petitioner's post-conviction petition in error was not filed of record until December 16, 2009, because that is the date the Clerk of the Appellate Courts received Petitioner's pauper's affidavit. Thus, it is likely that Petitioner's untimely filing of this post-conviction petition in error is attributable to his own failure to file a timely pauper's affidavit, rather than to any action

---

[6] The Court recognizes that Petitioner provides an affidavit from DeLos Batson, a mail room clerk at Dick Conner Correctional Center who is responsible for logging all outgoing legal mail. See Dkt. # 1 at 15. Mr. Batson states that he logged outgoing "correspondence" from Petitioner to Michael S. Richie, Court Clerk, on November 19, 2009. Id. Based on the outgoing mail log, Petitioner asserts that he mailed his post-conviction petition in error in a timely fashion and blames Court Clerk Richie for not filing it of record until December 16, 2009. See Dkt. # 8.

15

by the Clerk of the Appellate Courts. Furthermore, if Petitioner believes he can prove that he was denied a timely post-conviction appeal through no fault of his own, he has an available remedy: to seek a post-conviction appeal out of time, as directed by the OCCA, see Dkt. # 5, Ex. 5 at 2 n.1. Nothing suggests he has utilized that remedy before coming to federal court. As a result, the Court finds that Petitioner has failed to demonstrate "cause" sufficient to overcome the procedural bar applicable to his claims of ineffective assistance of appellate counsel.

Petitioner's only other means of gaining federal habeas review of his defaulted claims is a claim of actual innocence under the fundamental miscarriage of justice exception. Herrera v. Collins, 506 U.S. 390, 403-404 (1993); Sawyer v. Whitley, 505 U.S. 333, 339-341 (1992); see also Schlup v. Delo, 513 U.S. 298 (1995). To meet this test, a criminal defendant must make a colorable showing of factual innocence. Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000) (citing Herrera, 506 U.S. at 404). Under Schlup, a showing of innocence sufficient to allow consideration of procedurally barred claims must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error . . . ." Schlup, 513 U.S. at 316. Petitioner has the burden of persuading this Court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. at 329. Petitioner fails to provide any new evidence in support of his claim of actual innocence. Instead, he simply alleges that he has shown that "the application of a procedural bar will result in a fundamental miscarrige [sic] of justice." See Dkt. # 8 at 10. This conclusory statement does not satisfy the fundamental miscarriage of justice exception. Therefore, the Court finds the fundamental miscarriage of justice exception is inapplicable in this case.

Accordingly, because Petitioner has not demonstrated "cause and prejudice" or that a "fundamental miscarriage of justice" will result if his claims are not considered, the Court concludes that it is procedurally barred from considering the merits of Petitioner's fourth and fifth grounds of error. Coleman, 501 U.S. at 750. Habeas corpus relief on those grounds shall be denied.

**D.    Certificate of appealability**

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, Petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

After considering the record in this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Tenth Circuit would find that this Court's application of AEDPA standards to the decision by the OCCA was debatable amongst jurists of reason. See Dockins v. Hines, 374 F.3d 935 (10th Cir. 2004). As to those claims denied on a procedural basis, Petitioner has failed to satisfy the second prong of the required showing, i.e., that

17

the Court's ruling resulting in the denial of the petition on procedural grounds was debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

## *CONCLUSION*

After carefully reviewing the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. The petition for a writ of habeas corpus (Dkt. #1) is **denied**.

2. A separate judgment shall be entered in this matter.

3. A certificate of appealability is **denied**.

DATED THIS 22nd day of March, 2013.

*[signature: Terence Kern]*

**TERENCE KERN**
**United States District Judge**